**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

TWANNA COMER,                                                     CIVIL ACTION

                   **Plaintiff,**                        Index No.:     22 Civ.

    **Against**

**NATIONAL RAILROAD PASSENGER CORP.,**                     <u>**VERIFIED COMPLAINT**</u>

                  **Defendant.**
-----------------------------------------------------------------X

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

NOW COMES Plaintiff Twanna Comer, by and through her attorneys, FLYNN AND WIETZKE, P.C., and ROME, ARATA, BAXLEY & STELLY, L.L.C., Attorneys-at-Law, and for her complaint against Defendant NATIONAL RAILROAD PASSENGER CORP. ("Amtrak"), states as follows:

<b>PARTIES</b>

1.    Plaintiff, Twanna Comer, is an adult individual, residing at 16 Robins Nest Lane, New Castle, Delaware, and had been assigned to Defendant's New York crew base at all times pertinent hereto.

2.    Defendant, National Railroad Passenger Corporation d/b/a "Amtrak," including its predecessors, subsidiaries, agents, servants, and employees, at all times pertinent in the part or past, has been a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, Defendant and/or Defendant's predecessors in interest were regularly and systematically conducting business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

3.    Defendant, including its predecessors, subsidiaries, agents, servants, and employees, at all times pertinent in the past maintained headquarters and principal place of business within the City of New York, and/or maintained sales offices within the City of New York and/or transacted business within the City of New York.

4.      At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Lead Service Attendant, in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## JURISDICTION AND VENUE

5.      This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Twanna Comer while in the course of her employment with Defendant Amtrak.

6.      This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56.

## FACTS

7.      On or about December 16, 2020, Plaintiff was in the performance of her duties as a Lead Service Attendant, working for Defendant Amtrak at its Pennsylvania Station within the City of New York.

8.      On said date, in advance of an expected severe snowstorm, Defendant's On Board Services Manager contacted Plaintiff and several other employees to request that they travel to New York on that evening, sign-in, and stay at The Stewart Hotel across the street from Defendant's Penn Station to protect the boarding of the train the following morning.  Plaintiff was aware that, if she was not able to perform the requested assignment, even in the case of inclement weather, her guarantee of work would be broken; and she would lose a significant amount of wages. Thus, Plaintiff reluctantly traveled to New York for fear of loss of earnings.

9.      Plaintiff arrived at Defendant's Penn Station at approximately 9:00 p.m. and "signed in" at approximately 9:03 p.m. that evening. Accompanied by a co-worker and in compliance with Amtrak's instructions, Plaintiff made her way to the hotel carrying her bags.

10.      When Plaintiff and her co-worker reached the top of the escalator leading up from the Station, they were on the 7th Avenue side of Penn Station.  As Plaintiff walked out onto the plaza, snow had already been falling.  As soon as she stepped out from under the overhang on the 7th Avenue side of the Station, Plaintiff's foot suddenly and without warning encountered an extremely slippery surface.  Plaintiff's foot slipped out from under her, and she crashed down onto the concrete walkway, violently striking her lower back, buttocks, and

-2-

upper extremities. As she landed on the ice-covered concrete surface, Plaintiff felt and heard her entire back "pop."

11.     As Plaintiff's co-worker, who was directly behind her, attempted to assist her, Plaintiff was in severe pain and asked the co-worker to discontinue his efforts as he was also slipping on the ice-covered concrete walkway.

12.     Plaintiff eventually made it to her feet, with the assistance of her co-worker reached the lobby of the hotel, and reported the accident and injury to her supervisor.

13.     Notably, after she had fallen, Plaintiff observed an individual operating a riding snowblower (similar to a riding lawnmower) who was supposed to be clearing the accumulated ice and snow, but was merely pushing the snow; and no one was following after to apply salt and/or chemicals to the slippery icy walkway.

14.     As a result of the December 16, 2020 accident, Plaintiff suffered severe injuries to her back, neck, right knee, left wrist, right wrist, and left thigh, *inter alia,* for which she has undergone extensive medical evaluation and treatment including, but not limited to major surgery on her right knee, major surgery on her left wrist, major surgery on her right wrist, cervical epidural steroid injections, extensive physical therapy, cortisone injections, prescribed medication, and referral for lumbar epidural steroid injections, *inter alia*.

15.     Plaintiff was injured while engaged within the scope of her employment with Amtrak as a direct result of Defendant's negligence.

16.     Plaintiff's accident, injuries and damages as herein-described were caused, in whole or in part, by Defendant Amtrak's breach of the duties it owed to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.,* as follows:

    a.   In that Amtrak breached its duty to Plaintiff by failing to provide Plaintiff with a reasonably safe place to work;

    b.   Amtrak failed to use ordinary care to furnish Plaintiff with a reasonably safe place to work by failing to inspect, maintain, remediate, and repair unsafe walking conditions at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's

use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

c. Amtrak failed to warn of the presence of the unsafe slippery conditions, i.e. – snow and ice on the walkways at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

d. Amtrak failed to maintain safe walkways free of unsafe slippery conditions, i.e. – snow and ice, on the walkways at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

e. Amtrak failed to timely and reasonably apply salt and/or chemicals to and remove snow and ice from the walkways at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

f. Amtrak failed to timely and reasonably inspect and clear the walkways at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to

-4-

be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

g.   Amtrak failed to prevent the creation of the hazardous conditions, i.e. – the significant build-up of snow and ice, on the walkways at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

h.   Amtrak failed to provide reasonably safe methods of work;

i.   Amtrak failed to provide reasonably safe conditions to walk at its Penn Station including, but not limited to the walkways which Defendant designated for Plaintiff's use to reach the hotel to which Defendant had assigned Plaintiff in the course of her employment to be certain same were safe for its employees (including Plaintiff) to perform their job duties without unnecessary risk of injury, notwithstanding Amtrak's actual and/or constructive knowledge of the unsafe conditions;

j.   Amtrak required Plaintiff to perform her job duties in an area that contained hidden dangers, despite Amtrak's clear, actual notice that these dangerous conditions existed;

k.   Amtrak failed to provide alternative means of conveyance to transport its employees (including Plaintiff) and their work luggage from the Crew Base to the hotel to which Defendant had assigned Plaintiff in the course of her employment; and

l.   Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

17.     Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

**PRAYER FOR RELIEF**

18.     As a direct result of the negligence of Defendant, Plaintiff suffered severe injuries to her back, neck, right knee, left wrist, right wrist, and left thigh, *inter alia,* for which she has undergone extensive medical evaluation and treatment including, but not limited to major surgery on her right knee, major surgery on her left wrist, major surgery on her right wrist, cervical epidural steroid injections, extensive physical therapy, cortisone injections, prescribed medication, and referral for lumbar epidural steroid injections, *inter alia.* Plaintiff has suffered intense physical pain and suffering, emotional distress, and mental anguish, as well as a loss of earning capacity and loss of wages and benefits, which she may continue to suffer into the future. Plaintiff's earning capacity has been diminished; and Plaintiff has lost, and may in the future lose, substantial time from employment with a significant loss of earnings therefrom.  Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

19.     Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following categories of damages:

      a.   Physical pain and suffering, past and future;

      b.   Mental anguish, past and future;

      c.   Loss of enjoyment of life, past and future;

      d.   Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future;

      e.   Permanent scarring; and

      f.   Unpaid medical expenses, past and future.

**WHEREFORE**, Plaintiff Twanna Comer demands judgment in her favor and against Defendant National Railroad Passenger Corp. "Amtrak," for compensatory damages together with costs, interest, and any

-6-

further or additional relief that this Honorable Court deems appropriate.

Dated:  February 28, 2022.

*Respectfully submitted,*

**FLYNN & WIETZKE, PC**
**Marc Wietzke, Esq.**
1205 Franklin Ave., Ste. 370
Garden City, NY 11530
Telephone: (516) 877-1234
Telefacsimile:
Email: *Mwietzke@FELAattorney.com*

*AND*

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

**C. Perrin Rome, III, Esq.**
**W. Chad Stelly, Esq.**
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:   *Prome@romearata.com*
               *wcstelly@romearata.com*

*Counsel for Plaintiff, Twanna Comer*

-7-

4886-6576-5391, v. 1